SOPHIE POLSKI, by Her Next Friend, v. CITY OF ST. LOUIS, ALEXANDER L. ROHLFING and JOHN SCHMIEDEBERG; CITY OF ST. LOUIS, Appellant.

**Division Two, March 30, 1915.**

1. **APPEAL: Motion for New Trial: No Assignment of Point Relied on.** Where plaintiff sued the city, a landlord and his tenant for damages for personal injuries due to the falling upon her of a rotten fence as she walked along the sidewalk, the city on appeal will not be heard to contend that the verdict in favor of the tenant released the city from liability, unless said point was made a specific ground of its motion for a new trial; and a ground stated in the motion that "the verdict is against the law and against the law under the evidence," or that "the verdict in favor of the tenant is against the law and the law under the evidence," is not sufficient to raise the point that the verdict in favor of the tenant released the city from liability. Besides, the proper practice in such case was for the city to file a motion in the trial court for judgment *non abstante veredicto.*

2. ————: ————: **Statute.** Section 1841, R. S. 1909, governs motions for a new trial, and requires them to be specific. Section 2022 does not undertake to designate what the motion for a new trial shall contain, but merely designates some of the grounds for which a new trial may be granted, leaving to the appellate court to determine by section 1841 whether or not the motion is sufficiently specific to call to the attention of the trial court the errors it has committed.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*William E. Baird* and *Robert Burkham* for appellant.

*Taylor R. Young* for respondent.

BROWN, J.—While walking along Wash street in St. Louis City plaintiff was injured by an iron fence falling upon her. This fence stood on the front end of a lot owned by defendant Rohlfing. At the time of the injury the lot was occupied by defendant Schmiedeberg as a tenant.

It is alleged in plaintiff's petition that the defendants negligently permitted this fence to become loose upon the posts by which it was supported; that it was insecurely fastened to said posts with rusted wires; that, by reason of said condition, said fence was dangerous to pedestrians passing along said Wash street; and that such dangerous condition of said fence was known to defendants in time to have enabled them to repair the same and place it in a safe condition before it fell and injured plaintiff.

The tenant, Schmiedeberg, was not a party to the action when it was originally instituted, but, upon the motion of defendant city, he was made a party defendant under the provisions of section 9801, Revised Statutes 1909.

At the trial the court instructed the jury that it could not find a verdict against defendant Rohlfing unless it also found that said Rohlfing at the time he rented the premises to defendant Schmiedeberg agreed to make all outside repairs thereon. The evidence on this point was conflicting.

The trial resulted in a judgment against the city and the landlord Rohlfing for $1500, and in favor of the defendant Schmiedeberg.

The city alone appeals and in its brief relies solely upon the defense that the verdict in favor of defendant Schmiedeberg released the city from liability, citing: 1 Cooley on Torts (3 Ed.), p. 254; 4 Dillon on Municipal Corporations (5 Ed.), sec. 1728; Shearman & Redfield on Negligence (6 Ed.), sec. 384; Robbins v. Chicago City, 71 U. S. 657; Independence v. Ry. Co., 86 Mo. App. 585; and McGinnis v. Railroad, 200 Mo. 347.

Respondent in her brief merely calls attention to the fact that the alleged error now urged by appellant for reversal was not preserved in its motion for new trial; also that appellant's contentions are unsound under the rule of law announced in the following cases: Badgley v. St. Louis, 149 Mo. 122; and Noble v. Kansas City, 95 Mo. App. 167.

Sufficiency of Motion for New Trial.

Before considering the alleged error relied upon by appellant we will ascertain if said error was called to the attention of the trial judge by motion for new trial. Appellant's motion for new trial is as follows:

"That the verdict of the jury herein is against the evidence and against the weight of the evidence;

"That said verdict is against the law and against the law under the evidence;

"That the verdict of the jury, in favor of the defendant John Schmiedeberg is against the evidence and against the weight of the evidence;

"That the verdict of the jury, in favor of the defendant John Schmiedeberg is against the law and the law under the evidence;

"That said verdict is excessive under the law and the evidence;

"That the court erred in admitting incompetent, irrelevant and immaterial evidence, offered by the plaintiff, over the objections of this defendant;

"That the court erred in excluding relevant, material and competent evidence offered by this defendant;

"That the court erred in its instructions to the jury, given at the request of the plaintiff, against the objections of this defendant;

"That the court erred in refusing instructions to the jury as requested by this defendant;

"That the court erred in its instructions, given of the court's own motion, and against the objections of this defendant."

Under the law of this State (Sec. 1841, R. S. 1909), all motions must be specific. [Carver v. Thornhill, 53 Mo. 283, l. c. 286; Sweet v. Maupin, 65 Mo. l. c. 68.]

The provisions of section 1841, supra, govern motions for new trial. Section 2022, Revised Statutes 1909, does not undertake to designate what the motion for new trial shall contain. Said last-named section merely designates some of the grounds for which a new trial may be granted, leaving us to determine by another section of the Code (section 1841, supra) whether or not the motion for new trial is sufficiently specific to call to the attention of the trial court the errors which it committed.

In harmony with this view it was ruled by this court in Bridge & Iron Co. v. Brewing Association, 129 Mo. 343, l. c. 353, that an assignment of error in a motion for new trial that "the court erred in granting improper instructions asked for by defendant," and also "erred in refusing proper instructions asked for by plaintiff" did not embrace an instruction given by the court of its own motion.

In Sweet v. Maupin, 65 Mo. 65, l. c. 68, it was held that a motion for new trial which specified that "the verdict of the jury is not warranted by the issues in the case and is incorrect and informal" was not sufficient to call attention to the fact that the jury had re-

turned a general verdict when they should have found a verdict on each count in the petition.

In State v. James, alias Jim, Scott, 214 Mo. 257, l. c. 261, it was held that a motion for new trial which merely recited that "the verdict of the jury is against the law" was too indefinite to indicate "wherein the verdict infringes upon the law," and therefore insufficient to warrant the granting of a new trial.

In the recent case of Maplegreen Co. v. Trust Co., 237 Mo. 350, l. c. 363, in speaking for this court In Banc, LAMM, C. J., said:

"The office of a motion for a new trial is to gather together those rulings complained of as erroneous and solemnly and formally present them, one by one, in black and white, to the judge, in order that he have a last chance to correct his own errors without the delay, expense or other hardships of an appeal. This, on the theory that even a judge is entitled to a last chance—a *locus poenitentiae.*"

In State v. Sydnor and Foster, 253 Mo. 375, l. c. 380, it was ruled that a motion for new trial which contained the averment that "the court failed to instruct the jury on all the law of the case" was insufficient to call attention to any point of law upon which the court had omitted to instruct.

The same construction seems to have been placed upon the law by the St. Louis Court of Appeals in Huppert v. Weisgerber, 25 Mo. App. 95, l. c. 101; and by the Kansas City Court of Appeals in Vanstone v. Goodwin, 42 Mo. App. 39, l. c. 49, and in Alexander v. Grand Ave. Ry. Co., 54 Mo. App. 66, l. c. 70.

It will be seen that the motion for new trial contains no specification that the verdict in favor of defendant Schmiedeberg released the defendant city from liability (the only point upon which said city relies for reversal).

It would seem that if the position which the appellant city asserts in this court is correct it became

the duty of the circuit court to enter a judgment in favor of appellant *non obstante veredicto*, but it failed to move the court to enter any such judgment, and failed to inform the trial court in its motion for new trial of the only contention which it represents on this appeal.

Under the statute we are expressly forbidden to review errors which were not passed upon by the trial court. [Sec. 2081, R. S. 1909.] It is apparent, under the statutes and adjudicated cases hereinbefore cited, that when a litigant is unable within four days after the trial to locate errors of which he complains so as to designate them in his motion for new trial, he should not appeal. Going outside the issues determined by the trial court for an excuse to demand the reversal of a judgment would seem to be prima-facie evidence that the appeal is so frivolous as to justify the taxation of the penalty provided by section 2084, Revised Statutes 1909. However, we do not decide whether it should be taxed in this case.

It is unnecessary to consider the issue upon which the appellant now relies for reversal, because no such issue was sufficiently presented to the trial court. The judgment is affirmed. *Faris, P. J.,* and *Walker, J.,* concur.