OMA GREER, APPELLANT, v. JESSE CARPENTER ET AL.—19 S. W. (2d) 1046.

Division One, September 13, 1929.

W. *Rea Heath* for appellant.

*James H. Hull* for respondents.

GANTT, J.—This case came to me on reassignment. Plaintiff seeks to recover $10,000 actual and $25,000 punitive damages for an assault and trespass made on her. It is alleged the assault and trespass were made by the defendants, with others unknown to plaintiff, "acting each for himself and in conjunction with each other." The answer of the defendants was a general denial. Judgment was for defendants, and plaintiff appealed.

The evidence for plaintiff tended to show that about eleven o'clock P. M., April 30, 1924, a crowd of people, estimated at not less than seventy-five, came to the home of plaintiff and her husband, in Platte County, caused plaintiff to get out of bed and out of the house in her night clothing, cursed and abused her, placed a pistol against her person, forced her to stand on the cold ground in her bare feet, witness an assault and trespass on her husband with a stick, and, when she tried to interfere, placed a pistol against her body and threatened

to kill her; that after thus abusing plaintiff and trespassing on her property, they burned her house, ordered her to leave the country, and left her at midnight in the cold without shelter.

While there is no evidence tending to show who actually fired the house and assaulted plaintiff's husband, there is evidence tending to show the crowd remained the same in number until after said occurrences.

Most of the defendants admitted they, with others, went to the home of plaintiff without invitation at the time stated, and testified they did so for the purpose of searching plaintiff's house and premises to determine if a still was there being operated and intoxicating liquors manufactured; that on entering the house they found jugs and bottles of corn whiskey, two barrels of mash and a still in operation; that the still, whiskey and mash were taken from the house and destroyed. They denied burning the house or assaulting and trespassing on the person of either the plaintiff or her husband, and testified that plaintiff was the only one who used bad language; that after destroying the still, whiskey and mash they left the premises and knew nothing of the burning of the house until they were three-fourths or a mile from plaintiff's premises. They also testified they approved of everything they saw done while they were on the premises of plaintiff. There is also evidence tending to show that after the crowd arrived at the home of plaintiff, a committee was appointed to whip her husband, and that there was talk of burning the house.

The assignments of error in the motion for new trial and in the brief of plaintiff are identical, and she there charges the court with error in that four instructions tendered by her were refused. While thus charging error, these instructions are not mentioned in her points and authorities. From this we conclude she has abandoned these contentions. Nevertheless, we have examined the instructions and find the court ruled correctly. They are clearly erroneous.

Plaintiff does contend in her points and authorities, as follows:

"1. The act of entering upon the premises of the plaintiff was in itself an act of trespass for which she should recover.

"2. Where two or more people unite to do an unlawful act, each is responsible for the other's act."

The second contention is sustained by the authorities and not disputed by defendants.

The real contention is that the verdict should have been for at least nominal damages in view of the admissions of defendants that they entered the premises of plaintiff without invitation and to commit unlawful acts. The trouble with this contention is that plaintiff's action is not for trespass upon her premises, but for an assault and trespass on her person. It is alleged in the petition that these defendants and others came upon the premises of the plaintiff "without

any right and against the wishes of plaintiff," and that the defend-ants "did burn the home of plaintiffs." But these allegations are by way of inducement and are explanatory of the assault and trespass alleged to have been made upon the plaintiff. After setting forth these matters of inducement, it is charged as follows:

". . . and did cause the plaintiff to come out in the cold night air with only her night clothing on and did with force and arms cause the plaintiff to stand on the cold ground in her naked feet, and did force a pistol or revolver against her person and threaten the plaintiff, and curse and abuse the plaintiff, and did in the presence of the plaintiff bind the husband of the plaintiff and strike and assault the husband of the plaintiff in her presence, with a stick over his back and body, and when the plaintiff tried to stop the said beating, then the defendants placed a revolver against the body of the plain-tiff and threatened to kill the plaintiff; that the defendants after thus abusing the plaintiff and trespassing upon her home did burn the home of the plaintiff, and ordered the plaintiff to leave the country at once and the plaintiff was thus left by the defendants at or near the midnight hour, without clothing in the cold and night without place to go and without cover; that the conduct of the defendants as set out was an assault and trespass upon the plaintiff, and she was thus and thereby made sick with cold, and suffered great pain of body and mind, was put to shame by being exposed to the view of the people without proper clothing, was humiliated and insulted by the defendants and the comfort and peace of the plaintiff disturbed and plaintiff compelled to leave the home where she should live and find other place to live, to the plaintiff's damage in the sum of ten thou-sand dollars.

"Wherefore the plaintiff asks judgment for ten thousand dollars as actual damages and her costs herein.

"Further the plaintiff states that the acts of the defendants as above set out in her petition, were done by the defendants wickedly, wantonly and maliciously, and without any regard to the plaintiff's rights and in total disregard to the laws of the State of Missouri, and that the plaintiff should have of the defendants punitive damages in the sum of twenty-five thousand dollars, for which she now asks judg-ment and for her costs.

"Wherefore the plaintiff asks judgment against the defendants, each and all of them, in the sum of ten thousand dollars for actual damages, and for twenty-five thousand dollars as punitive damages, and for her costs herein."

Furthermore, even if the petition contained a charge of trespass on the premises, she did not tender an instruction directing a verdict for nominal damages, and did not assign as error in the motion for new trial the failure of the jury to return a verdict for nominal damages.

882

The verdict is challenged in the motion as being against the evidence and the law, but we have ruled that such objections are insufficient to authorize a review of the question here presented. [Bond v. Williams, 279 Mo. 215, l. c. 227, 214 S. W. 202; Matthews v. Karnes, 9 S. W. (2d) l. c. 631.] Plaintiff did not move for judgment *non obstante veredicto* and failed to specify in the motion for new trial the only contention presented on this appeal. [Polski v. St. Louis, 264 Mo. 458, l. c. 462, 175 S. W. 197.]

In Maplegreen Co. v. Trust Co., 237 Mo. 350, l. c. 363, 141 S. W. 621, we said:

"The office of a motion for a new trial is to gather together those rulings complained of as erroneous and solemnly and formally present them, one by one, in black and white, to the judge, in order that he have a last chance to correct his own errors without the delay, expense or other hardships of an appeal. This, on the theory that even a judge is entitled to a last chance—a *locus poenitentiae.*"

The judgment should be affirmed. It is so ordered. All concur.