ESTELLA LINTZ, RESPONDENT, v. ATLANTA LIFE INSURANCE CO., APPELLANT.—49 S. W. (2d) 675.

Kansas City Court of Appeals. April 4, 1932.

*James D. Pouncey* for respondent.

*John E. Wesson* for appellant.

CAMPBELL, C.—This is an action upon a policy of life insurance in the sum of $1000 executed by the defendant on February 9, 1925, to Zylphia Ann Phoenix and in which plaintiff, mother of insured,

is beneficiary. The insured died on July 18, 1926. Upon trial the plaintiff, on March 20, 1931, had a verdict and judgment and the defendant has appealed.

Plaintiff's petition, in addition to the allegations usually found in suits of this kind, alleges that the policy was not filed with the petition for the reason that it was in possession of the defendant.

The pleaded defense is that the policy sued upon lapsed by reason of the nonpayment of premiums; that insured, on July 12, 1926, made written application to have the policy reinstated; that in the application for reinstatement the insured knowingly made false representations to the effect that she was in good health when, in fact she was, at the time, "suffering from a large uterine fibroid tumor."

The plaintiff introduced the policy in evidence, offered testimony showing that she was the beneficiary named therein, that insured died on July 18, 1926, and rested her case. Thereupon defendant, as we understand the record, orally requested the court to direct verdict for the defendant. The request was refused.

The defendant's evidence is that the insured did not pay the premium of $17.06 due on February 9, 1926; that on July 12, 1926, the insured made written application for reinstatement of the policy; that in order to reinstate the policy it was necessary for insured to pay the premium of $17.06 and forty-two cents interest thereon, and to furnish proof of good health; that at the time the application for reinstatement was signed the insured paid the premium in the sum of $17.06 and delivered the policy to the defendant, accompanied by written request for change of beneficiary; that insured did not submit to medical examination or furnish proof of good health, and that the application for reinstatement was rejected on July 19, 1926.

It is not controverted that insured died following surgical operation for the removal of a uterine fibroid tumor. On July 26, 1926, insured's widower notified defendant of the death of insured, and thereupon defendant returned the premium of $17.06 to him.

In rebuttal plaintiff introduced evidence tending to show that insured did not sign the application for reinstatement; that a friend of insured, upon her request, on July 14, 1926, paid the required premium to defendant and that defendant did not require written application to be made for reinstatement or request medical examination.

It is argued by the defendant that at the close of plaintiff's evidence the court should have granted its request for directed verdict. In support of this insistence it is argued that inasmuch as it is alleged in plaintiff's petition that the policy was in possession of defendant, the plaintiff failed to make a prima facie case. Though it were conceded that plaintiff, for the reason she had alleged the policy was in the possession of the defendant had not at the close

of her evidence made a prima-facie case and that that question was properly presented, we would not sustain the assignment.

The defendant did not rest at this stage of the proceeding, but later in the trial introduced evidence showing that insured delivered the policy to defendant with request for change of beneficiary. Upon this showing the possession of the policy by the defendant was not hostile to plaintiff's rights. On the contrary, when defendant received the policy for the purpose of changing the beneficiary named therein it was holding the policy for the use and benefit of the insured. Hence the rule stated in the case of McCormick v. Travelers Insurancy Company, 264 S. W. 916, 216 Mo. App. 258, does not apply.

It is argued by the defendant that the court erred in overruling its objections to the rebuttal evidence offered by plaintiff tending to show that insured did not execute the application for reinstatement. In this respect the defendant contends that inasmuch as the answer alleged that insured executed the application for reinstatement and that the plaintiff's reply is not verified, hence, as a matter of law, the execution of the application was admitted.

Section 965, Revised Statutes 1929, does not apply to the situation here shown. The insured was not the "other party" to the action. Moreover, the answer was not "founded upon" the application for reinstatement within the meaning of said section. Neither in defendant in position to urge the point. Before the rebuttal evidence was offered defendant offered evidence tending to show that insured signed the application in the presence of its representative and then introduced the application. Having at the trial adopted the theory that it was necessary for it to produce evidence showing that insured did in fact sign the application, it cannot now say that evidence tending to show that she did not sign it was inadmissible.

The third assignment of error is that the court erroneously permitted plaintiff to introduce an answer which defendant had filed in an action brought against it by insured's widower to recover upon the policy involved in this suit. It is argued that the introduction of the answer prejudiced the minds of the jury. Defendant does not point to any specific allegations therein which would tend to create prejudice in the minds of the jury. An examination of the answer reveals that it is therein alleged that the policy was not in the possition of the defendant; an allegation somewhat inconsistent with its present claim. Moreover, the objection made to the answer was that it was immaterial. The answer was the act of the defendant and was properly admitted in evidence.

The fourth assignment of error is that the court erred in overruling defendant's demurrer to the evidence at the close of the whole

case. The record discloses that at the close of the evidence the defendant orally made the following request: "At the close of all the evidence the defendant interposes a demurrer on the ground that under the issues joined in this case the plaintiff failed to prove that said policy had not been lapsed and that said application to revive was not submitted to the defendant and not accepted." The request was refused.

An instruction in the nature of a demurrer to the evidence should be in writing. Having failed to ask written instruction in the nature of a demurrer to the evidence, the defendant, as a matter of law, admits that the case was properly for the jury. [Gee v. Sherman, 293 S. W. 789; Sec. 967, R. S. 1929.]

No complaint is made of the instructions given or refused. Clearly the case was one for the jury. We fail to find error prejudicial to the defendant. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.