E. R. DUSKY, RESPONDENT, v. KANSAS CITY MISSOURI, APPELLANT.—
58 S. W. (2d) 768.

Kansas City Court of Appeals.    March 6, 1933.

*Cowgill & Popham, John F. Cook* and *Thurman McCormick* for respondent.

*George Kingsley, James M. Larkin* and *John J. Cosgrove* for appellant.

CAMPBELL, C.—Plaintiff fell on a public sidewalk in the defendant city, breaking one of the bones of his right leg. He brought this action seeking to recover damages for the injury which he alleges was caused by the negligence of the defendant in failing to exercise ordinary care to maintain the sidewalk in a reasonably safe condition for travel thereon by pedestrians. The cause was tried to the court and jury and plaintiff had a verdict and judgment in the sum of $3000. The defendant has appealed.

The sufficiency of the petition is not questioned nor is it claimed that the evidence, aside from the contention relating to the notice of injury, did not sustain the pleaded case. We will, therefore, not analyze the petition nor state the evidence tending to support the plaintiff's case.

The assignments of error are: (1) "The court erred in refusing to sustain the demurrer offered by defendant at the close of plaintiff's evidence, and in refusing to instruct the jury to find the issues for the defendant, which instruction was offered at the close of all the evidence; (2) the notice does not comply with statutory requirements, in that it fails to state the circumstances of the injury."

The record reveals that at the close of plaintiff's evidence the defendant orally requested the court to direct verdict in its favor, and that at the close of all the evidence defendant again orally requested like instruction. The requests were denied. Thereupon defendant obtained instructions submitting the cause to the jury as one of fact.

The defendant presents the case here as though the oral requests were instructions in the nature of demurrers to the evidence.

The statute, section 967, Revised Statutes of Missouri 1929, requires instructions to a jury to be in writing. The oral requests for instructions were not sufficient. [Thompson v. Main Street Bank, 42 S. W. (2d) 56.]

Having failed to request the court to direct the jury in writing to the effect that plaintiff was not entitled to recover, the defendant may not say on appeal that the case was not properly for the jury. [Lintz v. Atlanta Life Insurance Company, 49 S. W. (2d) 675, 677.]

The second assignment of error presents the same question as the first assignment.

The sufficiency of the notice was a question of law for the court.

Upon the record the trial court will not be convicted of error in submitting the case to the jury. Authorities supra.

The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.