234 S.W.2d 574 (1950)
CLARK
v.
McKEONE et al.
No. 41592.
Supreme Court of Missouri, Division No. 2.
November 13, 1950.
Motion for Rehearing or to Transfer to Denied December 11, 1950.
*575 Jay B. Wilson, Platte City, Hook & Thomas, Inghram D. Hook, Harry L. Thomas, Kansas City, for appellant.
*576 Stanley Garrity, John W. Oliver, of Caldwell, Downing, Noble & Garrity, Kansas City, for respondents.
Motion for Rehearing or to Transfer to Court en Banc Denied December 11, 1950.
BARRETT, Commissioner.
Mr. Rufus Jennings Clark was killed when his 1941 Ford automobile and a tractor-trailer truck were involved in a side-swiping collision on Highway 71 about one mile south of Platte City. In this action by his widow to recover damages for his negligent death the jury returned a verdict in favor of the trucking company. The company has filed a motion to dismiss her appeal for the reason that her brief sets forth a series of abstract statements of law and does not specify any allegations of error as required by Rule 1.08. The brief does not comply with the rules but it is obviously her contention that she did not have a fair trial and for that reason insists that the trial court erred in not sustaining her motion for a new trial. It plainly appears from the five rather abstractly stated propositions and occurrences set forth in her brief that she claims the occurrences deprived her of a fair trial and so the motion to dismiss is overruled and the appeal is accepted upon its merits.
The only eyewitness to the collision was the surviving truck driver. He testified that from the car's lights he could see that Mr. Clark was driving on the wrong side of the road. He immediately sounded his horn, applied the brakes and began driving the truck off onto the shoulder of the highway but the automobile, nevertheless, hit the truck's left front wheel and fender and crashed into the gas tank just to the rear of the tractor. The truck was traveling at a speed of forty-eight miles an hour and the truck driver said that Mr. Clark was traveling at a speed of about sixty miles an hour. Appellant's counsel has made a detailed analysis of the driver's testimony and points out what he says are seven physical impossibilities and insists, therefore, that his testimony should be rejected. Mahl v. Terrell, 342 Mo. 15, 111 S.W.2d 160. Counsel does not ask that this court weigh the evidence but urges that if his evidence is excluded under the rule of physical impossibility that it at once becomes apparent that Mrs. Clark did not have a fair trial. The seven alleged impossibilities in the driver's testimony may be assumed, for the purposes of this appeal, and yet the appellant's cause would not be benefited. In this case there was other testimony corroborative of the truck driver's version of the collisionparticularly certain physical facts and the testimony of two highway patrolmen. But, aside from that, the burden was upon the plaintiff to persuade and convince the jury and it is immaterial whether there was any evidence favorable to the defendant. Steckdaub v. Sparks, Mo.Sup., 231 S.W.2d 160; Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558. Upon this record the jury may simply have disbelieved the plaintiff's evidence and rejected her version of the occurrence and it was for the trial court alone to say whether the jury's verdict was against the weight of the evidence. Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570. And in these circumstances it may not be said that the truck driver's testimony deprived the plaintiff of a fair trial or that the trial court abused its discretion when it overruled the appellant's motion for a new trial upon that ground.
In connection with the truck driver there was another occurrence which the appellant says deprived her of a fair trial. Two highway patrolmen investigated the collision and they and the sheriff of Platte County testified and while the truck driver was testifying the following occurred:
"Did anybody undertake to take you in custody or arrest you in any way?
"Mr. Hook: I object to that as not being competent or isn't material.
"The Court: Let it be stricken."
Counsel admits that there was no other or further objection but insists since there was other evidence along the same line subsequently that it was not necessary to repeat the objection and that he is not now precluded from complaining of its prejudicial effect. But here, not only was there an insufficient request for further action by the trial court during the driver's testimony, *577 Cheffer v. Eagle Discount Stamp Co., 348 Mo. 1023, 156 S.W.2d 591, but testimony of a similar nature was adduced when the sheriff was testifying for the plaintiff and there was no objection or ruling whatever at that time. In addition, it may not be said that the evidence was so prejudicial as to have deprived the appellant of a fair trial. Mo.R.S.A. § 847.123.
Also in connection with the truck driver's testimony the appellant-plaintiff makes the absolutely unique complaint that the defendants' truck driver put on an emotional demonstration, exhibited real or simulated sorrow, sobbed and shed copious tears because of Mr. Clark's death and thereby deprived the plaintiff of a fair trial. But respondent-plaintiffs have long ago established that the prejudicial effect of demonstrations, similar to that complained of here, are within the trial court's sound discretion and we cannot say that the trial court abused its discretion in this instance. Petty v. Kansas City Public Service Co., 354 Mo. 823, 191 S.W.2d 653; Borrson v. Missouri-Kansas-Texas R. Co., Mo.Sup., 161 S.W.2d 227, 232; Murphy v. Fred Wolferman, Inc., 347 Mo. 634, 148 S.W.2d 481.
The plaintiff pleaded in her petition and submitted in her principal instruction, as a basis of liability, that the tractor-trailer was driven "on and over the left side of the highway, * * * and into the path of the automobile" and that Mr. Clark drove his automobile upon the right or proper side of the highway. The defendants specifically pleaded and submitted Mr. Clark's contributory negligence in that he "drove and operated his automobile to his left of the center of the highway at the time and place in question, * * * and failed to keep a reasonably careful lookout for other traffic in and upon said highway, * * * and failed to drive his Ford automobile as far to the right hand side of the highway as practicable, * * *." As we understand it, the appellant says, "This collision did not occur as a matter of general operation but did occur under circumstances specifically covered by Paragraph C" of Section 8385 rather than under paragraph (b) and, therefore, the cause was not submitted under the applicable statute. It is our view, in the circumstances of this record, that the instruction was not prejudicially erroneous, Benoist v. Driveaway Co. of Missouri, Mo. App., 122 S.W.2d 86; Davis v. Kansas City Public Service Co., Mo.Sup., 233 S.W. 2d 679; Mo.R.S.A. § 847.123, but it is not of the instruction itself that the appellant complains, it is of "defense counsel's interpretation (of the instruction) and statement of the law declared in final argument" to the jury that appellant principally complains and says resulted in an unfair trial. However defense counsel's argument is set forth in full in the record and it does not appear that appellant's counsel interposed a single objection to that argument and, as of course, there can be no objection to it now. Stokes v. Godefroy Mfg. Co., Mo. Sup., 85 S.W.2d 434, 440. In addition the argument does not reveal such a misleading or improper interpretation of the law as to result in an unfair trial or constitute prejudicial error. Compare: Prague v. Eddy, 358 Mo. 327, 214 S.W.2d 521; Courter v. George W. Chase & Son Mercantile Co., 222 Mo.App. 43, 299 S.W. 622, 625.
During his final argument plaintiff's counsel was discussing the truck driver and his testimony and defendants' counsel interrupted the argument and said: "He has never had an accident. That I want to say to this jury, that he has not had any accident. You have gone so far in your talking that I want to get it straight; there is none." The court said: "Confine it to the evidence." Plaintiff's counsel proceeded with his argument. It is now objected that counsel's statement was wholly outside the pleadings and the evidence and so prejudicial that the appellant was deprived of a fair trial. It does not certainly appear that the statement was deliberately calculated but it was an improper, unfair remark and in no sense retaliatory of any argument by appellant's counsel. But the court, of its own motion, said "Confine it to the evidence" and, again, there was no objection whatever by counsel, and no request for further action by the court and *578 in view of the record it cannot be said that the statement was so mischievously unfair that the trial court abused its discretion in not granting the plaintiff a new trial. Stokes v. Godefroy Mfg. Co., supra; Hilton v. Thompson, Mo.Sup., 227 S.W.2d 675; Jenkins v. Chase, Mo.Sup., 53 S.W.2d 21; Mo.R.S.A. §§ 847.123, 847.140.
All the errors complained of are not so prejudicial as to demonstrate that the appellant did not have a fair trial and the judgment is therefore affirmed.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.