**Robert M. CARY, Plaintiff-Appellant,**

v.

**Vernon A. BELL, Defendant-Respondent,**

**and**

**William Crouse, Defendant.**

**No. KCD 27849.**

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1976.

C. B. Fitzgerald, Warrensburg, for plaintiff-appellant.

James Borthwick, Larry E. Skaer, Kansas City, for defendant-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages for personal injuries sustained in an automobile collision. Robert M. Cary, a passenger in an automobile driven by Vernon A. Bell, was injured in a collision between Bell's automobile and one driven by William Crouse. Cary brought suit against Bell and Crouse. A jury returned a verdict in favor of Cary and against Crouse for $5,000.00. The verdict was in favor of defendant Bell and against plaintiff Cary. Cary has appealed from the judgment entered on the verdict in favor of Bell.

On October 18, 1970, Cary was a passenger in Bell's automobile, going west on U.S. Route 50 in Johnson County. At the intersection of Missouri Route 131 and U.S. 50, Crouse, driving north on Route 131, did not yield at the "Yield" sign on Route 131 before entering the westbound lane of U.S. 50. The vehicles collided and Cary sustained injuries.

Plaintiff's claim was submitted against Crouse on failure to yield the right of way. His claim against Bell was submitted on failure to keep a careful lookout. Instruction No. 9, the only contributory negligence instruction, required a verdict for *defendants* if Cary was negligent in failing to warn Bell. The jury returned a verdict in favor of Cary and against Crouse for $5,000 and in favor of Bell.

On this appeal, the sole point of error is based upon the giving of Instruction No. 9.

It is not necessary to detail the specifications of error.

As respondent points out, any claimed error in the instruction was harmless in view of the jury's finding in favor of appellant and against Crouse. By so finding the jury necessarily found that appellant was not guilty of contributory negligence.

This point was decided in *Robbins v. Robbins*, 328 S.W.2d 552 (Mo.1959). That case was an action by a passenger against his host driver and the driver of the vehicle with which the auto in which plaintiff was riding collided. The jury there, as here, returned a verdict in favor of the host driver and against plaintiff and in favor of plaintiff against the other driver. The court disposed of a challenge to a contributory negligence instruction as follows (328 S.W.2d 556[15]):

"Various complaints are made of Instruction No. 7, submitting the issue of contributory negligence. The instruction directed the jury to find for 'the defendants' if it found plaintiff contributorily negligent; only one such instruction was given. The jury found for the plaintiff and against defendant Ledbetter. The only possible construction of its verdict is that it found that plaintiff was not contributorily negligent; otherwise it could not have found for him against either defendant. Under these circumstances the instruction could not have constituted prejudicial error and we need not consider the specific objections."

See also *Fields v. Missouri Power and Light Company*, 374 S.W.2d 17, 28–29[13, 14] (Mo.1963).

Judgment affirmed.

All concur.