Laura L. ROBERSON, Plaintiff–
Respondent,

v.

Linda D. Coker WESTON,
Defendant–Appellant.

No. 28558.

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 2008.

Motion for Rehearing and Transfer
Denied May 19, 2008.

Application for Transfer Denied
June 24, 2008.

John M. Vaught and Michael D. Alper, Wheeler Trigg Kennedy L.L.P., Denver, CO, for Appellant.

James E. Meadows, John C. Holstein, Springfield, MO, and Brad Bradshaw, M.D., J.D., L.C., Springfield, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

Linda Coker Weston appeals a jury verdict awarding Laura Roberson $185,000 in damages for injuries sustained in an automobile accident. Weston's appeal raises three points: (1) the trial court erred in permitting Roberson's trial counsel to ask the venire panel if anyone had an interest in or worked for Allstate Insurance Company, sometimes referred to as the "insurance question"; (2) the trial court erred in permitting Roberson's trial counsel to ask the so-called "insurance question" in an improper manner; and (3) the trial court erred in overruling Weston's motion for new trial because the asking of the "insurance question," Roberson's repeated references to the timing of Weston's admission of negligence, and the manner in which Roberson asked the jury to calculate damages, combined to form cumulative, reversible error. We affirm.

### Factual and Procedural Background

On August 3, 2004, Roberson was stopped at a traffic light at U.S. 60 and Highway M while on her way to work. Although the light turned green, she heard the sirens of an approaching fire truck and remained stopped at the intersection. Weston was approaching the intersection of U.S. 60 and Highway M behind Roberson's vehicle when she saw the light

change to green; she did not hear any sirens, nor did she see an approaching fire truck. Weston's vehicle collided with the rear of Roberson's vehicle. The force of the impact propelled Roberson's car into the vehicle in front of her. The next thing Roberson remembered was lying in the driver's seat in severe pain, the seat broken as a result of the collision.

When the paramedics arrived, they placed Roberson in a C-collar and laid her on a back board before transporting her to Cox Medical Center South. Once at the hospital, Roberson underwent a series of examinations and x-rays, after which she was released and instructed to follow-up with her primary care doctor if she was still experiencing pain. Roberson did so, and her primary care doctor recommended an MRI of both Roberson's neck and left foot. When the MRI of Roberson's neck revealed a bulging disk, the doctor referred Roberson to a neurosurgeon; she also referred Roberson to a separate specialist for the pain in her foot. The neurosurgeon ordered a CT myelogram to determine the severity of the bulging disk and whether surgery would be necessary; upon finding that surgery was not yet needed, Roberson began physical therapy. Roberson also underwent steroid injections in her left foot to reduce swelling, and spent about three weeks in an air cast. As a result of being in the air cast, Roberson developed pain in her right foot, for which she underwent additional treatment.

In total, Roberson was unable to work for three weeks. At the time of trial, Roberson was still experiencing neck pain about fifty percent of the time. Roberson's medical expenses totaled $11,106.58.

Roberson filed suit in August 2005, and Weston denied any liability for Roberson's injuries in her answer and through discovery. In January 2007, on the first morning of trial and prior to the commencement of any proceedings on the record, Weston, by written filing with the court, admitted negligence in causing the accident, but contested the amount of damages for which she was liable. That same day, before the actual start of the trial, Weston also presented several motions *in limine,* including, as pertinent to our review, a motion to preclude Roberson from mentioning the date of Weston's admission of negligence and a motion to preclude Roberson from mentioning Weston's insurance coverage.

The trial court sustained the motion to preclude Roberson from mentioning the date of Weston's admission of negligence and, despite strenuous argument by Weston's trial counsel, denied Weston's motion regarding the mention of insurance. Specifically as to the latter, the trial court ruled that Roberson's proffered voir dire question, "Does anyone on this jury panel work for or have an interest in Allstate Insurance Company?" was appropriate, so long as the question would be asked "in the middle of [Roberson's] voir dire, not the beginning, not the end." Following this ruling of the trial court on the "insurance question," Weston brought up her objection to the related issue of Roberson potentially mentioning Allstate's "accident forgiveness" commercials, to which Roberson asserted that she did not intend on bringing up the topic. Roberson did mention her plan to ask the venire panel a question regarding religious beliefs and forgiveness, to which Weston acquiesced. The trial court then volunteered that, "I don't want to talk about insurance at all."

The jury returned a verdict for Roberson in the amount of $185,000, and the trial court entered judgment against Weston accordingly. Weston then filed a motion for new trial or, in the alternative, remittitur. That motion was subsequently overruled. Weston now appeals.

### Discussion

Weston raises three points, and we address them in the order presented.

#### No trial court error in permitting Roberson to ask the "insurance question" during voir dire

Weston's first point alleges that the trial court erred in allowing Roberson to ask the venire panel if anyone worked for or had an interest in Allstate Insurance Company, because the question improperly injected the issue of insurance into the proceedings.[1] However, at the time Roberson asked the question, Weston failed to object. In order to preserve an alleged error for appellate review, an objection must be made at the time of the alleged error; "[i]f the objection is not made at the time of the incident giving rise to the objection, the objection may be deemed waived or abandoned." *R & J Rhodes, LLC v. Finney*, 231 S.W.3d 183, 190 (Mo. App.2007) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 168 (Mo.App. 1997) (internal citations omitted)).

During oral argument before us, Weston asserted that her motion *in limine* to preclude Roberson from mentioning Weston's insurance coverage preserved this issue for appellate review. We disagree. "Following denial of a motion in limine, a party must object at trial to preserve for appellate review the point at issue." *Andersen v. Boggs*, 219 S.W.3d 818, 820 (Mo.App.2007) (quoting *State ex rel. Mo. Highway & Transp. Comm'n v. Vitt*, 785 S.W.2d 708, 711 (Mo.App.1990)).

Moreover, even if this Court were to overlook the fact that Weston failed to preserve this issue for appellate review by a timely proper objection or grant plain

error review under Rule 84.13(c)[2] as requested by Weston in her reply brief, neither of which we are inclined to do, Weston's claim is without merit as this issue has long been settled by the Supreme Court of Missouri. In *Ivy v. Hawk*, 878 S.W.2d 442 (Mo.banc 1994), our Supreme Court held it permissible for a plaintiff to ask if any potential jurors have an interest in a particular insurance company with an interest in the case, as it "preserves the balance of permitting the plaintiffs to know if any members of the jury panel have an interest in the insurance company while avoiding the prejudice of emphasizing the issue of insurance." *Id.* at 445. Such a practice of allowing one "insurance question" protects the right of both parties to a fair and impartial jury. *Moore v. Middlewest Freightways*, 266 S.W.2d 578, 586 (Mo.1954).

Because Weston failed to preserve this alleged error for appellate review by proper trial objection, and because we are "constitutionally bound to follow the latest Supreme Court of Missouri decision," *Kinner v. Scott*, 216 S.W.3d 715, 719 (Mo.App. 2007), which precludes us from finding any error, plain or otherwise, in the trial court allowing the asking of the insurance question, Weston's first point is denied.

#### Weston failed to preserve for appellate review alleged trial court error in permitting Roberson to ask the "insurance question" in the manner asked

Weston's second point suffers the same initial deficiency as the first. As best we discern, Weston now challenges the trial court in allowing Roberson to ask the "insurance question" in an improper

---

1. Weston does not challenge the form of the question, but only claims error in allowing it to be asked in the first instance.

2. All references to rules are to Missouri Court Rules (2007), unless otherwise indicated.

fashion, violating the requirements laid out in *Ivy*, i.e., "not asking it first or last in a series of questions so as to avoid unduly highlighting the question to the jury panel." *Ivy*, 878 S.W.2d at 445. However, at no time during *voir dire*, did Weston make an objection as to the manner or context in which the insurance question was asked. Without a timely trial objection, Weston has waived or abandoned alleged trial court error in the manner in which the insurance question was asked. *R & J Rhodes, LLC*, 231 S.W.3d at 190.

In her reply brief, Weston invites us to review this point under Rule 84.13(c) for plain error. As such review is within our discretion, *Wright v. Barr*, 62 S.W.3d 509, 532 (Mo.App.2001), we decline this invitation because we are cautious of painting the trial court with error for not *sua sponte* speaking up and injecting itself, possibly erroneously, into Roberson's *voir dire* questioning, while Weston sat silent. "Plain error review is rarely applied in civil cases, and may not be invoked to cure the mere failure to make proper and timely objections." *Id.* (quoting *Guess v. Escobar*, 26 S.W.3d 235, 241 (Mo.App. W.D. 2000) (citations omitted)). Weston's second point is denied.

### Weston failed to preserve for appellate review alleged cumulative error

In her third point, Weston contends that the trial court erred in overruling her motion for new trial because the way the "insurance question" was asked, Roberson's repeated references to the timing of Weston's admission of negligence, and the manner in which Roberson suggested the jury calculate damages, combined to form cumulative, reversible error. Weston's point must fail, as it was not properly preserved for appellate review in two respects.

First, "[a]ppellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Robbins v. Robbins*, 328 S.W.2d 552, 555 (Mo.1959). "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Van-Booven v. Smull*, 938 S.W.2d 324, 330 (Mo. App.1997). Weston failed to include cumulative error among the ten grounds supporting her motion for new trial; thus, it was not presented to the trial court, and is not preserved for our review.

Second, even if the allegation of cumulative error had been properly preserved in Weston's motion for new trial, none of the three alleged individual errors comprising the claimed cumulative error was brought to the trial court's attention by proper, timely objection during trial and, thus, were not individually preserved for appellate review. A party may not claim error in the admission of evidence where no objection is raised when the evidence is introduced at trial. *Martens v. White*, 195 S.W.3d 548, 558 (Mo.App.2006). As previously stated, we review trial court actions for error. *Robbins*, 328 S.W.2d at 555. Weston has not articulated any reasons for her cumulative failures to ask the trial court to take any action based upon a proper timely objection. Such failures not only deprived the trial court of the opportunities to take appropriate actions in response to such objections, but also denied us the opportunity to review such trial court actions for error. *Id.*

We are even more reticent on this point than on Weston's other points to exercise our discretion to consider Rule 84.13(c) plain error as requested by Weston. This is so because to consider plain error in the context of cumulative error, where the individual claimed errors were not brought

to the trial court's attention by proper objection, would essentially require us to find that the trial court had an obligation to *sua sponte* take a much more active role in trying the entire case than Weston herself took or otherwise deemed appropriate during trial. In addition, undertaking such a review in this context would eviscerate the trial court's opportunity upon proper objection to correct or remediate any of the claimed individual errors and, thus, potentially avoid their claimed cumulative effect in the first instance. Weston's third point is denied.

### Decision

The trial court's judgment is affirmed.

RAHMEYER, J., and BURRELL, J., concur.