**In re the ADOPTION OF J.A.D., B.L.D., J.D.D., S.R.N., and B.T.N.**

**No. SD 32724.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 12, 2013.

Wesley A. Barnum, Barnum, Pennick & Barton, L.L.C., Webb City, MO, Attorney for Appellant.

Joseph L. Hensley, The Law Firm of Hensley & Nicholas, L.L.C., Joplin, MO, Attorney for Respondents S.W.P. and A.L.P., Adoptive Parents.

GARY W. LYNCH, J.

C.L.S. ("Appellant") is the biological mother of five children who are the subjects of an adoption petition in the trial court. Appellant appeals the trial court's judgment terminating her parental rights to the children entered in that adoption proceeding claiming that the trial court erroneously applied the law because the underlying dispositional hearing did not take place within thirty days after the section 211.455 meeting between the juvenile office and the trial court, as required by section 211.459.[1] Because Appellant failed to raise this claim in the trial court[2] and thereby preserve it for appellate review, we affirm.

Appellant does not challenge any of the six grounds for termination found by the trial court or the finding that termination is in the children's best interests. Therefore, we do not recite the evidence supporting those findings. Rather, only those

---

1. All statutory references are to RSMo Cum Supp 2012.

2. Those grounds were:

(1) Appellant failed to answer or appear for trial under section 453.040(5);

(2) Appellant neglected the children under section 453.040(7);

(3) Appellant abandoned or neglected the children under section 211.447.5(1)(b);

(4) The children were abused or neglected under section 211.447.5(2);

(5) Appellant failed to rectify the conditions which brought the children into care under section 211.447.5(3); and

(6) Appellant's parental unfitness under section 211.447.5(6).

facts relevant to Appellant's sole point on appeal need be discussed.

The three-count adoption petition was filed on January 24, 2013.[3] Appellant was personally served with the petition on January 30. In accordance with section 211.455, the trial court met with the Jasper County Juvenile Officer on February 5, determined that proper service would be issued to all parties, and ordered the Missouri Department of Social Services, Children's Division, to conduct an investigation and social summary.[4] On February 7, the trial court appointed counsel to represent Appellant. Service on all other necessary parties was completed on March 3. The dispositional hearing was held on April 9. Appellant's court-appointed attorney appeared at the hearing, but Appellant did not. Neither her counsel nor Appellant raised any objection to the timeliness of the hearing before it commenced or at any time during it. The judgment terminating Appellant's parental rights was entered on April 19. Appellant filed no after-trial motions. Appellant's notice of appeal was filed on May 6.[5]

■ In her sole point on appeal, Appellant claims for the first time that the trial court erred in terminating her parental rights because it failed to comply with section 211.459, in that "the dispositional hearing did not take place within thirty (30) days of the § 211.455 meeting between the juvenile officer and the trial court."[6] This claimed error was never presented to the trial court in any manner.

■ "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when

3. Count one sought transfer of custody and termination of parental rights under chapter 453; count two sought termination of parental rights under chapter 211; and count three sought adoption of the children.

4. Section 211.455 provides:

1. Within thirty days after the filing of the petition, the juvenile officer shall meet with the court in order to determine that all parties have been served with summons and to request that the court order the investigation and social study.
2. If, at that time, all parties required to be served with summons have not been served, the court, in its discretion, may extend the time for service if the court finds that service may be forthcoming and that the best interests of the child would be served thereby.
3. The court shall order an investigation and social study except in cases filed under section 211.444. The investigation and social study shall be made by the juvenile officer, the state division of family services or a public or private agency authorized or licensed to care for children or any other competent person, as directed by the court, and a written report shall be made to the court to aid the court in determining whether the termination is in the best interests of the child. It shall include such matters as the parental background, the fitness and capacity of the parent to discharge parental responsibilities, the child's home, present adjustment, physical, emotional and mental condition, and such other facts as are pertinent to the determination. Parties and attorneys or guardians ad litem or volunteer advocates representing them before the court shall have access to the written report. All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court at least fifteen days prior to any dispositional hearing.

5. Appellant's trial counsel filed the notice of appeal, but the trial court thereafter appointed different counsel to represent Appellant in this appeal.

6. Section 211.459.1 provides, in relevant part:

Within thirty days after the juvenile officer and the court have met pursuant to section 211.455, the court shall hold the dispositional hearing where the juvenile officer and any person on whom summons and the petition were served shall have the right and power to subpoena witnesses and present evidence.

the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 535 (Mo.App.1981) (citing *Associated Underwriters, Inc. v. Mercantile Trust Co.,* 576 S.W.2d 343, 346 (Mo.App.1978)). " '[A]ppellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court.' " *Roberson v. Weston,* 255 S.W.3d 15, 19 (Mo.App.2008) (quoting *Robbins v. Robbins,* 328 S.W.2d 552, 555 (Mo. banc 1959) (internal quotation marks and citation omitted)). A claim of error not presented to the trial court is not preserved for appellate review. *In re Adoption of C.M.B.R.,* 332 S.W.3d 793, 808 (Mo. banc 2011); *In re S.R.J., Jr.,* 250 S.W.3d 402, 405 (Mo.App.2008). Appellant's point is denied.[7]

The trial court's judgment is affirmed.

. DON E. BURRELL, JR., and MARY W. SHEFFIELD, JJ., concur.

---

**7.** Appellant does not request plain error review under Rule 84.13(c), Missouri Court Rules (2013), and makes no argument that she suffered any manifest injustice or a miscarriage of justice, as required by that rule, due to the delay in holding the dispositional hearing. We decline to *sua sponte* exercise our discretion to engage in plain error review for two reasons. First, Appellant has not cited us to any authority that the thirty-day hearing requirement of section 211.459 applies to the trial court's section 453.040(7) finding that Appellant neglected the children, thereby alleviating the necessity of her consent to the adoption regardless of its chapter 211 findings. *See C.M.B.R.,* 332 S.W.3d at 806–07 (Mo. banc 2011) ("statutory mandates of chapter 211 are irrelevant to the chapter 453 proceeding unless specifically cross-referenced and mandated by chapter 453. However, if the prospective parents plead termination of parental rights under chapter 211 in a chapter 453 petition, all statutory requirements for chapter 211 must be met *for each chapter 211 claim.*") (internal citations omitted and emphasis added). Second, even assuming such application, without deciding it, we discern no record basis upon which to facially support an argument that Appellant suffered a manifest injustice or miscarriage of justice due to the purported thirty-three-day delay in holding the dispositional hearing.