Patricia Breckenridge, chief justice,
concurring in the result
I concur with the principal opinion that there was substantial evidence to support the juvenile court’s finding that termination of Father’s parental rights was appropriate pursuant to section 211.447.5(3).[1] I disagree, however, with portions of the principal opinion’s analysis of Father’s failure to rectify the conditions that led to the juvenile court assuming jurisdiction over Child.
Section 211.447.5(3) permits termination of parental rights when a parent fails to rectify the conditions that led to the juvenile court assuming jurisdiction over the child. Failure to rectify constitutes grounds for termination when: (1) “[t]he child had been under the jurisdiction of the juvenile court for a period of one year”; (2) the court finds that (a) “the conditions which led to the assumption of jurisdiction still persist” or (b) “conditions of a potentially harmful nature continue to exist”; and (3) that (a) “there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future” or (b) “the continuation of the parent-child relationship greatly diminishes the child’s prospects for early integration into a stable and permanent home.” Section 211.447.5(3).
*99 It is undisputed that Child has been under the juvenile court’s jurisdiction for at least one year. The issue, therefore, is whether there is substantial evidence to support a finding of the second and third elements of section 211.447.5(3).
The juvenile court found that the conditions that led to the assumption of jurisdiction over Child or conditions of a potentially harmful nature continue to exist. The juvenile court found those conditions to specifically include Father’s inability to provide Child with appropriate care and parenting, his failure to engage in services, his failure to provide Child with a safe, stable, and healthy home environment, and his substance abuse issues.
The record reflects that the conditions that led to the assumption of the juvenile court’s jurisdiction still persist. In its abuse and neglect judgment against Father, the juvenile court found that Child could not be returned to the home because of Father’s incarceration, criminal history, and substance abuse issues. At the time of the termination proceedings, Father was incarcerated in the department of corrections after he pleaded guilty to the class B felony of driving while intoxicated and was sentenced as a prior, persistent, and chronic offender. Father has a previous felony conviction for possession of a controlled substance for which he also served time in the department of corrections and multiple other convictions for driving while intoxicated. At the termination hearing, the caseworker testified that Father was then incarcerated for an alcohol-related felony offense in addition to resisting arrest and assault convictions. She further testified that Father informed her that he was attending weekly Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) meetings but that he had not provided any written verification that he was successfully addressing his substance abuse issues.
On appeal, Father asserts that there was no evidence in the record to support the juvenile court’s findings with respect to his substance abuse issues because there was no evidence that his chemical dependency was untreatable. As reasoned by the principal opinion, however, it is not reversible error even if there is not substantial evidence to support the juvenile court’s finding that Father’s chemical dependency is untreatable. Whether a chemical dependency is treatable and other such factors that the juvenile court must consider pursuant to section 211.447.5(3)(a)-(d) need not be established by clear, cogent and convincing evidence. See In re B.H., 348 S.W.3d 770, 774 (Mo. banc 2011). Instead, this Court must examine whether the conditions that led to the assumption of the juvenile court’s jurisdiction still persist.
A parent’s past conduct “may be good evidence'of future behavior” so long as it is “convincingly linked.” In re Q.A.H., 426 S.W.3d 7, 14 (Mo. banc 2014) (internal quotation omitted). As the juvenile court reasoned, despite Father’s forced sobriety in prison, he has a significant history of chemical dependency on alcohol and controlled substances and criminal conduct. This is evidenced by the fact that he was sentenced as a chronic offender[2] following his most recent driving while intoxicated conviction. Additionally, the juvenile court found the testimony that Father had been attending AA and NA meetings while incarcerated to be less than credible. Given Father’s past behavior and the record relating .to his participation in substance abuse programs, there was evidence to *100 support a finding that the conditions which led to the assumption of the juvenile court’s jurisdiction still persist.
Likewise, the record supports a finding that there is little likelihood that Father’s substance abuse issues and incarceration will be remedied at an early date so that Child can be returned to Father in the near future. While “incarceration in and of itself shall not be grounds for termination of parental rights,” the juvenile court must consider the “conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years” when considering whether to terminate the parent-child relationship for failure to rectify.[3] Section 211.447.7(6).
The juvenile court found that Father’s conviction and subsequent incarceration would deprive Child of a stable home because Father could be paroled at the earliest in November 2018 and had been incarcerated since before Child was born. As reasoned by the principal opinion, Child will be almost five years old before Father’s incarceration potentially ends in November 2018. It follows that Father’s long history of substance abuse and criminal behavior, his current incarceration, and his extended absence from Child’s life make it unlikely that Child could be returned to his custody.
Therefore, the juvenile court’s finding that Father’s parental rights should be terminated pursuant to section 211.447.5(3) for failure to rectify the conditions that led to the juvenile court assuming jurisdiction over Child is supported by substantial evidence. I would affirm the juvenile court’s judgment terminating Father’s parental rights on this basis.
I disagree with the principal opinion to the extent that it concludes that termination of Father’s parental rights was also appropriate pursuant to section 211.447.5(6)(a) for parental unfitness. As reasoned by the dissenting opinion, I would find that the duration of Father’s incarceration does not constitute a consistent pattern of committing a specific abuse such that Father is unfit to be a party to the parent-child relationship. I concur in the principal opinion in all other respects.

. All statutory citations are to RSMo Supp. 2014 unless otherwise noted.

. At the time of Father's offense, a "chronic offender” was defined, in part, as a "person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses.” Section 577.023.1(2), RSMo Supp, 2013.

. While section 211.447.7(6) permits consideration of a conviction of a felony offense that may deprive a child of a stable home, I ques-lion whether it provides that incarceration of a long duration alone is sufficient to support termination.