

# Missouri Court of Appeals
## Southern District

### In Division

| | |
|---|---|
| IN THE INTEREST OF: ) | |
| S.C.A. and I.S.A., minor children under ) | |
| seventeen years of age ) | |
| ) | |
| GREENE COUNTY JUVENILE OFFICE, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Consolidated Nos. SD37443 and |
| ) | SD37444 |
| B.N.C., Natural Mother, ) | |
| ) | **Filed: August 2, 2022** |
| Respondent-Appellant. ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden

**<u>AFFIRMED</u>**

B.N.C. ("Mother") appeals the judgments that terminated her parental rights in, to, and over her minor children, S.C.A. and I.S.A.[1] Mother's single point on appeal claims the circuit court erred in terminating her parental rights because it failed to strictly adhere to the requirements of section 211.455.[2] Because Mother did not preserve her claim for review, and no manifest injustice appears, we affirm the judgments.

---

[1] Father's rights were also terminated to both children. He has also appealed, and we are handing down a separate opinion that addresses Father's appeal.
[2] Unless otherwise indicated, all statutory references are to RSMo 2016.

**Analysis**

We presume that the judgment of the circuit court is correct, *In re N.D.B.*, 623 S.W.3d 223, 227-28 (Mo. App. S.D. 2021), and we must affirm it unless the appellant demonstrates that the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *In re Q.A.H.*, 426 S.W.3d 7, 12 (Mo. banc 2014). Here, Mother claims that the circuit court "failed to strictly and literally adhere to the provisions of [section] 211.455 in that the investigation and social study prepared pursuant to [section] 211.455 was prepared prior to the date upon which the trial court ordered [the] Children's Division to prepare it in both cases."[3]

As pertinent to this appeal, section 211.455.3 directs that

> [t]he [circuit] court shall order an investigation and social study except in cases filed under section 211.444.[4] The investigation and social study shall be made by the juvenile officer, the state children's division or a public or private agency authorized or licensed to care for children or any other competent person, as directed by the court, and a written report shall be made to the court to aid the court in determining whether the termination is in the best interests of the child. It shall include such matters as the parental background, the fitness and capacity of the parent to discharge parental responsibilities, the child's home, present adjustment, physical, emotional and mental condition, and such other facts as are pertinent to the determination. Parties and attorneys or guardians ad litem or volunteer advocates representing them before the court shall have access to the written report. All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court at least fifteen days prior to any dispositional hearing.

The circuit court must strictly and literally comply with the statutes governing the termination of parental rights. *In re N.A.H.*, 247 S.W.3d 157, 159 (Mo. App. S.D. 2008). "Failure to strictly comply with section 211.455 is reversible error." *In re C.W.*, 211 S.W.3d 93,

---

[3] In the circuit court, two separate termination cases were filed, one for each child, and those cases were tried together. We consolidated the formerly separate cases for purpose of appeal, but we are issuing separate opinions to address the issues presented in each parent's appeal.

[4] A statute relating to adoptions that is not applicable here.

2

98 (Mo. banc 2007) (*overruled on other grounds by **In re B.H.**,* 348 S.W.3d 770, 776-77 (Mo. banc 2011)).

In the case involving S.C.A., the Juvenile Office filed the petition to terminate Mother's rights on March 10, 2021. On March 31, 2021, the Juvenile Officer met with the circuit court, and the circuit court ordered the Children's Division to prepare an investigation and social study ("the social study").[5]

In the case involving I.S.A., the Juvenile Office filed the petition to terminate Mother's rights on March 19, 2021. On April 7, 2021, the circuit court met with the Juvenile Officer in connection with other procedural matters affecting the case, but the court did not order the Children's Division to prepare an investigation and social study in I.S.A.'s case until May 25, 2021.

The social study was the only investigation and social study that was actually prepared. It covered both children and both parents, and it was distributed to the parties on June 2, 2021. No party objected to the fact that only one social study was prepared, and no one objected to its having been prepared by an entity named Great Circle Foster Care Case Management, not the Children's Division. At trial, the social study was marked as Juvenile Office Exhibit 14 and admitted into evidence without objection.

Mother argues, for the first time on appeal, that because the circuit court ordered the Children's Division to prepare the social study in S.C.A.'s case on March 31, 2021, and the Children's Division did so on April 26, 2021, the court did not strictly comply with section 211.455.3 because the social study contained information about I.S.A., and the social study was

---

[5] The preparing agency titled the investigation and social study as a "Termination of Parental Rights Summary[,]" but all parties refer to this document as the statutorily required report.

completed before the circuit court actually ordered the Children's Division to produce a social study in I.S.A.'s case.

We first note that Mother's point is not preserved for appeal. Mother acknowledges this fact in her brief, but she argues that ordinary appellate review is available to her because she raised the issue in her post-trial motion for new trial. That argument is misplaced.

> Rule 78.09[6] requires a party, "at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefore." Failure to do so precludes a party from obtaining appellate review of error in the trial court's ruling or order.

*Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014). Because Mother did not raise her objection to the validity of the social study when it was received into evidence at trial, she is precluded from obtaining appellate review of the alleged error. *Id. See also In re Adoption of J.A.D.,* 417 S.W.3d 327, 329-30 (Mo. App. S.D. 2013) ("It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question").

Mother has not requested plain error review, and our *ex gratia* review reveals no manifest injustice occurred. *See Taylor v. Francis*, 620 S.W.3d 308, 312-13 (Mo. App. W.D. 2021) (Rule 84.13(c) gives us discretion to review plain errors if we find that manifest injustice or miscarriage of justice has resulted therefrom). Mother does not challenge the content of the social study or that it was prepared by Great Circle instead of the Children's Division, and it is difficult to see how a subsequent, allegedly late request for an investigation and social study that was never actually prepared could have produced a manifest injustice.

---

[6] All rule references are to Missouri Court Rules (2021).

4

Finally, while Mother correctly notes that our appellate courts have held that section 211.455 is violated when a court accepts an investigation and social study that is filed prior to, or simultaneously with, the filing of a petition to terminate parental rights (because the report is filed before the court has had the opportunity to select an agency of its own choosing), *see In re C.W.*, 211 S.W.3d at 97, and *In re A.H.*, 169 S.W.3d 152, 158 (Mo. App. S.D. 2005), that is not what happened here.

Here, the Juvenile Office filed the respective petitions to terminate Mother's rights to S.C.A. and I.S.A. on March 10, 2021, and March 19, 2021. The social study ordered and produced after those dates included information on both children and was submitted to the parties on June 2, 2021, more than seven months before trial.

Mother's point is denied, and the judgments of the circuit court are affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS