

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF:                          )
J.C.S., a minor child under seventeen years  )
of age.                                      )
                                             )
GREENE COUNTY JUVENILE OFFICE,               )
                                             )
   Petitioner-Respondent,     )
                                             )
v.                                           )  No. SD37736
                                             )  Filed: **January 9, 2023**
K.A.G.,                                      )
                                             )
   Respondent-Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

**<u>AFFIRMED</u>**

The trial court entered its Judgment and Order Terminating Parental Rights

("Judgment") of K.A.G. ("Mother") in, to, and over her minor child, son J.C.S. ("Child"),

on the basis of neglect under Section 211.447.5(2) and failure to rectify under Section

211.447.5(3).[1]  The trial court further found termination of Mother's rights to be in

Child's best interest.

---

[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2020, and all rule references are to Missouri Court Rules (2022).  The statute in effect on the termination petition filing date applies in determining the parties' substantive rights.  ***In the Interest of D.L.P.***, 638 S.W.3d 82, 88 n.1 (Mo.App. 2021).  There is no dispute in this case concerning the applicable statute.  The Judgment entered by the trial

Mother asserts a single point of error on appeal, claiming the trial court plainly erred in ordering the termination hearing closed without complying with Rule 122.01, including without making the written findings required by Rule 122.01(e) and without considering the factors set out in Rule 122.01(f), and that this failure to comply with Rule 122.01 is a structural error entitling Mother to plain error review and automatic reversal of the Judgment and remand for a new trial.[2]

## Background

Mother does not challenge the two grounds for termination found by the trial court or the finding that the termination is in Child's best interests. Therefore, we do not recite the evidence supporting those findings.

Rule 122.01 is titled "Open Hearings" and provides in relevant part:

**a.** Hearings conducted in any proceeding under subdivision (1) of subsection 1 of section 211.031, RSMo, and for termination of parental rights under sections 211.442 to 211.487, RSMo, initiated by the juvenile officer or children's division shall be open to the public, except that the public shall be excluded from all such hearings during the testimony of any juvenile or victim. All such hearings shall be closed to the public when the parent has consented in writing to termination of his or her parental rights in conjunction with placement of the juvenile with a licensed child placing agency under subsection 6 of section 453.010, RSMo.

**b.** Hearings for adoption pursuant to Chapter 453, RSMo, shall not be open to the public.

**c.** Prior to, or any time after, commencement of a hearing under Rule 124.01a or Rule 124.01b, a party or the guardian ad litem may request that

court appears to reference Section 211.447.5(2)(a)-(d) rather than Section 211.447.5(3)(a)-(d) in discussing failure to rectify. Likewise, the Judgment at one point references termination of Mother's parental rights pursuant to Section 211.444 rather than Section 211.447. The parties raise no issue on appeal concerning these apparent typographical errors.

[2] The Juvenile Office argues Mother did not comply with Rule 84.04(e) in failing to include in the Argument "a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved…" To the extent the Juvenile Office is correct, we are nonetheless able to understand Mother's claim of error and will review the Point ex gratia.

the hearing, or any portion thereof, be closed to the public, except that no such request may be made by the juvenile officer or children's division.

**d.** The court shall hear argument by the parties and the guardian ad litem, but not evidence, on any request that a hearing, or any portion thereof, be closed to the public.

**e.** The court shall make written findings in the record detailing the specific reasons for closing a hearing, or any portion thereof, to the public.

**f.** The court shall close a hearing, or any portion thereof, to the public only if it finds that closure:

(1) is in the best interests of the juvenile;

(2) will protect the physical or emotional well-being of the juvenile or the safety of any other person;

(3) will promote the integrity of the fact-finding process; or

(4) will protect the privacy of the juvenile or a sibling, foster or adoptive parents, foster care institutions, or any other person or institution providing care for the juvenile.

**g.** The court, on its own motion or on motion of any party, may exclude any person or persons from a hearing, or any portion thereof, for good cause, exceptional circumstances, or where exclusion will serve the best interests of the juvenile.

**h.** The court shall make findings on the record detailing the specific reasons for excluding any person or persons from a hearing, or any portion thereof.

**i.** Closing a hearing or any portion thereof, or excluding any person or persons from a hearing, or any portion thereof, shall not prevent the court from holding the hearing or issuing a decision.

At the termination hearing, the following exchange occurred concerning invoking

the rule and closing the hearing:

| [Juvenile Officer Counsel]: | Your Honor, I would state if [Grandmother] does or is going to be called as a witness, I would like to invoke the witness rule and ask that she leave the courtroom. |
|---|---|

| | |
|---|---|
| THE COURT: | I don't know if you're going to call her now versus -- I don't know what she's going to say to me, but -- |
| [GAL]: | Yeah, I don't know. It's just I guess I state that as an offer if the Court has inquiry. I know the [GAL] is sometimes described as an attorney for the child, but I think I'm an attorney for the Court, more or less. |
| [Father's Counsel]: | Judge, I can make it easier. If she isn't called by somebody else, I'm going to call her. |
| THE COURT: | Okay. Why don't we have her step -- ma'am, if you'll step outside and we'll call you later, okay? Yeah, if you're [Grandmother]. Okay. |
| [Father's Counsel]: | I would ask that all parties that are not legally part of the case step out, then, all witnesses, rather. |
| THE COURT: | I don't -- I don't know that the rest of them are witnesses. They are part of -- the lady that's in the third row, yes, ma'am, how are you connected to this? |
| UNIDENTIFIED: | I'm just a friend. |
| THE COURT: | Okay. It's a closed hearing, so I don't think you get to stay in and watch the hearing. |
| UNIDENTIFIED: | Okay. |
| [Father's Counsel]: | She's a friend of [Grandmother]. |
| THE COURT: | Right. |
| [GAL]: | I just want to -- before we proceed, since we're on the record -- and I may be wrong -- I'm not certain if terminations are a closed hearing. Now, the Court of course may make a finding specific to the case, but I don't know if they generally are. |
| THE COURT: | I usually try to close the cases. I'll order that the courtroom be closed on terminations, because I usually don't let in other people who just don't have any connection to the case to watch them. So okay. |

Mother (through counsel) did not object to invoking the rule or closing the hearing.[3] Child's paternal grandmother ("Grandmother") was called as a witness at the hearing by J.E.S., Child's father ("Father") and testified she had been approved for a

---

[3] "Under the [witness exclusionary] rule, a court may order witnesses excluded from the courtroom so that they will not be privy to the testimony of other witnesses." **Burns v. Taylor**, 589 S.W.3d 614, 623 (Mo.App. 2019) (quoting **State v. Simmons**, 515 S.W.3d 769, 774 (Mo.App. 2017)).

home study and wished to adopt Child or serve as guardian. Mother (through counsel) did not cross examine Grandmother. In the Judgment, the trial court terminated the parental rights of Mother and Father. Mother filed a timely appeal. Father separately appealed, and Father's appeal remains pending.

## Standard of Review

"We presume that the judgment of the circuit court is correct, and we must affirm it unless the appellant demonstrates that the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *In the Interest of S.C.A.*, 648 S.W.3d 911, 912 (Mo.App. 2022) (internal citations omitted).

Mother raises her claim of error for the first time on appeal. Mother did not preserve her claim of error for review (and does not contend otherwise) because she did not raise her objection concerning lack of compliance with Rule 122.01 before the trial court at the time of the ruling as required by Rule 78.09. *See Brown v. Brown,* 423 S.W.3d 784, 787 (Mo. banc 2014) ("Rule 78.09 requires a party, 'at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor[e].' Failure to do so precludes a party from obtaining appellate review of error in the trial court's ruling or order.") (quoting Rule 78.09); *In re Adoption of J.A.D.*, 417 S.W.3d 327, 330 (Mo.App. 2013) ("A claim of error not presented to the trial court is not preserved for appellate review."). Mother filed no post-trial motion[4] but, even had she

---

[4] Mother likewise did not file a motion under Rule 78.07(c). "Effective January 1, 2005, Rule 78.07 was amended to require an aggrieved party to file a motion to alter or amend the judgment specifically raising 'allegations of error relating to the form or language of the judgment, including the failure to make

filed a post-trial motion including her claim of error, her failure to object at the time of the ruling would preclude appellate review. *See S.C.A.*, 648 S.W.3d at 913-14 (rejecting argument that Mother preserved claim for review by filing post-trial motion raising the issue despite failing to object at trial).

Mother requests plain error review, asserting that lack of compliance with Rule 122.01 is a structural error entitling her to plain error review and automatic reversal of the Judgment and remand for a new trial. Pursuant to Rule 84.13(c), "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." "Plain error review, however, rarely is granted in civil cases." *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 269 (Mo. banc 2014). *See also Terpstra v. State*, 565 S.W.3d 229, 248 (Mo.App. 2019) ("Reversal for plain error in civil cases is rare and is only appropriate 'when the injustice of the error is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case.'" (quoting *Snellen v. Capital Region Med. Ctr.*, 422 S.W.3d 343, 357 (Mo.App. W.D. 2013)).

"The Court will review an unpreserved point for plain error only if there are 'substantial grounds for believing that the trial court committed error that is evident, obvious and clear' and where the error 'resulted in manifest injustice or miscarriage of justice.'" *Mayes*, 430 S.W.3d at 269 (quoting *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 809 (Mo. banc 2011)), abrogated on other grounds by *S.S.S. v. C.V.S.*, 529 S.W.3d 811, 816 n.3 (Mo. banc 2017) (internal quotations omitted). "Even statutory errors that

statutorily required findings' in order to preserve those claims of error for appellate review." *In re J.L.G.*, 399 S.W.3d 48, 59 (Mo.App. 2013) (quoting Rule 78.07(c)).

6

are evident, obvious, and clear, must result in a manifest injustice or miscarriage of justice." ***C.M.B.R.***, 332 S.W.3d at 809. "Plain error is not a doctrine available to revive issues already abandoned…by oversight." ***In the Interest of S.E.***, 527 S.W.3d 894, 902 (Mo.App. 2017) (quoting ***In re S.R.J., Jr.***, 250 S.W.3d 402, 405 n.2 (Mo.App. 2008)).

## Analysis

Mother's argument that claimed lack of compliance with Rule 122.01 is a structural error entitling her to plain error review and automatic reversal of the Judgment and remand for a new trial is contrary to controlling precedent in ***State v. Brandolese***, 601 S.W.3d 519 (Mo. banc 2020), where the Supreme Court of Missouri made clear that "all errors—whether statutory, constitutional, structural, or based in some other source—are subject to the same treatment under this Court's plain error framework." ***Id.*** at 529 (citing ***State v. Howard***, 540 S.W.2d 86, 87-88 (Mo. banc 1976)). "Rule 30.20 is the exclusive means by which an appellant can seek review of ***any*** unpreserved claim of error and said claim—no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception" ***Id.*** at 530. Under plain error review, the defendant still bears the burden of establishing manifest injustice…" ***Id.*** Although ***Brandolese*** involved an allegation of plain error under Rule 30.20 in a criminal case, "Rules 30.20 and 84.13(c) 'are substantially similar such that cases construing one may be equally applicable to plain error review under the other.'" ***State v. McAfee***, 462 S.W.3d 818, 822 n.2 (Mo.App. 2015) (quoting ***Declue v. Dir. of Revenue***, 361 S.W.3d 465, 467 n.4 (Mo.App. 2012)). Indeed, the relevant language is identical in Rules 30.20 and 84.13(c): "[P]lain errors affecting substantial rights may be

considered…in the discretion of the court…when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

"This court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *YAM Cap. III, LLC v. GS Hosp., LLC*, 648 S.W.3d 878, 890 (Mo.App. 2022) (quoting *Kinder v. Missouri Dept. of Corr.*, 43 S.W.3d 369, 374 (Mo.App. 2001) (citing Mo. Const. art. V, section 2 (1945)). The Supreme Court of Missouri's plain error review analysis in *Brandolese* applies with equal weight here, in the context of a civil case requesting plain error review. Under *Brandolese*, Mother's claim of structural error is evaluated under the plain error framework applicable to all claims of plain error. Under the *Brandolese* framework, Mother bears the burden of establishing manifest injustice. Mother has not met her burden where she has not established or even alleged manifest injustice or miscarriage of justice. Even assuming the trial court did not comply with Rule 122.01, which we do not decide, Mother is not entitled to plain error review given that she has not alleged or proven manifest injustice from any claimed noncompliance with Rule 122.01. In fact, Mother does not challenge the two grounds for termination found by the trial court or the finding that the termination is in Child's best interests, so it is unclear what if anything Mother believes a new trial would achieve.[5]

Mother also argues plain error review is appropriate based on what she views as the trial court's apparent repeated lack of compliance with Rule 122.01 based on the trial

---

[5] As discussed above, the record reflects two individuals, Grandmother and an unidentified friend of Grandmother, were instructed to leave the courtroom after the rule was invoked. Grandmother testified at trial. Grandmother's friend did not testify and was never identified on the record. Mother never discusses Grandmother or the unidentified friend and does not assert any harm or prejudice from the rule being invoked. Mother does not claim, and the record does not reflect, any other person sought to attend the hearing and was denied the opportunity to do so due to the trial court's claimed closure of the hearing.

court's record statement: "I usually try to close the cases. I'll order that the courtroom be closed on terminations, because I usually don't let in other people who just don't have any connection to the case to watch them." This Court is bound to follow ***Brandolese*** and its plain error review framework, which does not provide for plain error review based on speculation about a comment made by the trial court absent a showing by the party seeking plain error review of manifest injustice or miscarriage of justice from the claimed plain error.[6]

## Conclusion

The judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[6] Mother cites the dissenting opinion in ***Brandolese*** and asks this Court to extend that analysis concerning structural error to this case. As noted above, we are bound to follow controlling precedent and do so here. Mother also cites ***In re S.M.H.***, 922 N.W.2d 807 (Wis. 2019), for the proposition that the structural error doctrine should be extended to parental rights cases in Missouri as in Wisconsin. Again, we are bound to follow controlling precedent. Further, ***S.M.H.*** is distinguishable because there the trial court granted a directed verdict terminating father's parental rights after the State presented its case and without giving father the opportunity to present his case. ***Id.*** at 809. Those facts are not present here; Mother has not claimed she was denied the opportunity to present her case. Mother acknowledges "[i]t is outside the record and perhaps unknowable" whether others have been deprived of an open hearing under Rule 122.01.